**FILED - GR**
January 7, 2022 1:45 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB 1/7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Shawn Paul Quigley #427831
_____

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

**2:22-cv-2**
Robert J. Jonker - Chief U.S. District Judge
Maarten Vermaat - Magistrate Judge

V.

MDOC Hedi Washington, CarmenMcEntire Leon, Connie Horton, Betheny Stein, Gerald Colvert, Subrina Aiken, Dr Stallman and Sylvia McQueen
_____
_____

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

## COMPLAINT
*(Print Clearly)*

I. **Previous Lawsuits**
   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐   No ☒

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.
      _____

   2. Is the action still pending?   Yes ☐   No ☐
      a. If your answer was no, state precisely how the action was resolved: _____
      _____

   3. Did you appeal the decision?   Yes ☐   No ☐
   4. Is the appeal still pending?   Yes ☐   No ☐
      a. If not pending, what was the decision on appeal? _____
      _____

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☐
      a. If so, explain: _____
      _____

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff Shawn Paul Quigley

Place of Present Confinement Chippewa Correctional Facility (URF)

Address 4269 West M-80/ Kincheloe, MI 49784

Place of Confinement During Events Described in Complaint Same as above

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 Hedi Washington

Position or Title Director of MDOC

Place of Employment Michigan Dept of Corrections

Address Grandview Plaza P.O. Box 30003/ Lansing, MI 48909

Official and/or personal capacity? Both

Name of Defendant #2 Connie Horton

Position or Title Warden

Place of Employment Chippewa Correctional Facility

Address 4269 West M-80/ Kincheloe, MI 49784

Official and/or personal capacity? Both

Name of Defendant #3 Carmen McEntyre Leon

Position or Title Chaif Medical officer

Place of Employment MDOC

Address Grandview Plaza P.O Box 30003 Lansing. MI 48909

Official and/or personal capacity? Both

Name of Defendant #4 Bethany Stein

Position or Title H.V.M Health Unit Manager

Place of Employment Chippewa Correctional Facility

Address 4269 West M-80,/ Kincheloe, MI 49784

Official and/or personal capacity? Both

Name of Defendant #5 Gerald Covert

Position or Title Nursing Manager

Place of Employment Chippewa Correctional Facility

Address 4269 West M-80./ Kincheloe MI 49784

Official and/or personal capacity? both

Dr. Stellman
Doctor
Chippewa Correctional Faclity
4269 West M-80,/ Kincheloe, Mi 49784
Both

Slyvia McQueen
Cheif Medical Officer
Corizon Health
103 Powell Court Brentwood, TN-37027
Both

Subrina Aiken
Clinical Administration Assistant (R.N.)
Jackson Health Care Office Administration
Both

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

In October of "2020", I kited MDOC healthcare at Chippewa Correctional Facility explaning that I was expressing that I was experiencing problems with choking and gasping for air throughout the night after recovering from covid 19. My healthcare kite was responded to in person by N. B. Martian and at that time her thoughts were "it sounds like sleep apnea" And she told me she would notify Dr. Stallman of the situation so he could schedule a "sleep study test" I continued to write healthcare asking what was the problem was with getting Dr. to have test done. Discussions went back and forth for several months. I was then told by healthcare that Dr. Stallman was working remotely from his home. Received a return kite from healthcare on 3/3/21 that a chronic care appointment with Dr Stallman was scheduled for 4/1/21. Wrote a letter to Connie Horton on 4/7/21 expressing my health concerns and sited a case involving "Deliberate Indifference requirements" and also sent that letter to health Unit officer, Hedi Washington, C.M.O Carmen Mc Entyre Leon and Sylvia McQueen and notified her that have been treated as of yet and asked for her assistance in the matter, and no responce from anyone mentioned So at that time I started the grievance process and was denie at step I by Gerald Covert and Bethany Stein, denied at step II by Connie Horton, and denied at step III by Subrina all stating my medical needs were being meet, and properly provied for. On March 29, 2021 received letter from H U M Bethany Stein explaining that Dr. Stallman wasn't available till Mid April for a visit in person. At appointment with Dr. Stallman he approved the sleep study to be preformed but had to get ACMO approval and scheduled. Wrote

H.V.M Stein on 4/22/21 explaining healthcare problems and explaining concerns of without test yet and explaining my symptoms and the consequences of OSA and attached a detail from "PROVICIL" explaining all and also sent letter to Connie Horton and Hedi Washington and received note on posted sticker dated 4/28/21 to see attached response from healthcare. explaining that DWH was now considering other options for sleep test, due to back log at DWH, and that Ms. Stein was waiting on a decession at that time, Receive a greivence reply on my step III on 5/11/21 from Subrina Aikens R.N at which time she denied my grievance and noted that DWH was closed, but I was on a list for a sleep study test. So I continued to kite to healthcare at Chippewa expressing my need for help and asking what was going on with scheduling for sleep test And was commonly replied with "talk to Dr. Stellman at next chronic care visit" On 10/3/21 wrote to H V.M. Stein, Connie Horton, Keith Barber, Hedi Washington, Slyvia McQueen and Carmen McEntyre explaining the entire situation asking for help, and received letter from Keith Barber, asking for all records. Received a kite from H.V.M. B. Stein on 10/5/21 explaining to me a new process for sleep study test and that I would be scheduled soon. Shortly after while on a healthcare callout on 10/12/21. Ms. Stein approaches me and assure me that a test would be completed by 11/8/21. She wrote me on 10/25/21 confirming equipment had been shipped, but unsure how many and which patients the equipment will be for until it arrives. So on 11/2/21 with nothing done yet. Again I wrote H.U.M Dr Stein expressing my conditions and concerns and sent copies to Hedi Washington, Keith Barber, Carmen McEntyre Leon all with no reply.

Finally on _____ received a callout to pick up sleep study machine.

Shortly afterwards rec. callout to see Dr. Stallman at which time he explained that the test results were back, and "the results were horrible". And some of the worst he's seen. He at that time wrote to ACMO for approval of sleep APNEA equipment. He also stated that he is hoping by the use of the equipment that some of the health conditions that have occured since the start of all this will deminish (High Blood pressure, Adams high diabetic A1 numbers, and vein damage to lack of oxygen to vein.) Finally on 12/8 was put on callout to healthcare to see respiratory Dr. Via video and was expladued to me by him that my results were horrible. He expressed that my sleeplisness and the amount of time per hr that I stopped breathing was extreeme. And explained how to use equipment This in hence has had my stress levels at an all time high over the last year which in turn was and still is a major problem for a diabetic and high blood pressure patient. This could have been taken care of a long time ago by MDOC without having to suffer from the conditions and injuries suffered both now and in the future. Had they understood the diseases and not excused the treatment with the excuse of the Covid-19 pandemic, I wouldn't have suffered so bad, nor had the health complication I've endured  The Covid-19 pandemic has no reason to excuse someone's healthcare what so ever.

## IV. Relief

State briefly and precisely what you want the court to do for you.

Looking to seek monetary relief for pain and suffering from complications that occured due to lack of treatment for sleep Apnea and all and any other health damages caused from the disease itself. And to be compensated for any long term health effects that could have been prevented by treatment as well. And to be moved to another facility within MDOC that can offer bettter quality medical healthcare for me A.S.A.P.

## V. Notice to Plaintiff Regarding Consent

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

- ☐ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

- ☒ I request that this case be assigned to a district judge.

Date: 1-3-22

Signature of Plaintiff

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

- 5 -  (W.D. Mich. Form – Last Revised: September 2021)

Shawn Quigley
#427831
Chippawa Corr. Facilty
4269 W. - M-80
Kinchloe, Mi. 49784



U.S. District Court
399 Federal Building
110 Michigan St NW

110 Michigan St. NW
Grand Rapids, MI.
49503